IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NATHAN HARDEN,

Plaintiff,

OPINION AND ORDER

v.

26-cv-445-wmc

ROCK COUNTY SHERIFF CURT FELL,
CPL. MAUERMAN,
and KITCHEN SUPERVISOR DAVID BETRAM,

Defendants.

---

Plaintiff Nathen Harden, who is representing himself, has filed a civil rights complaint under 42 U.S.C. § 1983 concerning conditions of his confinement in the Rock County Jail in Janesville, Wisconsin. (Dkt. #1.) Because plaintiff is proceeding without prepayment of the filing fee, the court must screen the complaint and dismiss any claim that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant who by law cannot be sued for such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. When screening a complaint drafted by a non-lawyer, the court applies a less stringent standard. *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). Even under the lenient standard that applies to *pro se* pleadings, the complaint must be dismissed for reasons explained below.

## BACKGROUND[1]

Plaintiff Nathan Harden filed this suit while confined in the Rock County Jail. Harden, who is a practicing Muslim, alleges that Ramadan was supposed to be observed for "30 days and 30 nights" from February 18, 2026, through March 20, 2026. Harden alleges that Cpl. Mauerman, who serves as the Jail's Religious Coordinator, and Kitchen Supervisor Eric Ingersol violated his rights by ending the Jail's observation of Ramadan two days early on March 18, 2026.[2] He seeks injunctive relief, as well as compensatory and punitive damages from each defendant in their individual and official capacity.

## OPINION

To begin, plaintiff does not allege that Sheriff Fell had any involvement in the alleged violation of his rights. To hold an official liable under 42 U.S.C. § 1983, the official must have had personal involvement in the alleged deprivation of the plaintiff's constitutional rights. *Williams v. Shah*, 927 F.3d 476, 482 (7th Cir. 2019). The complaint does not contain any allegations against Sheriff Fell and there is no information showing that he was even aware of the alleged violation.

---

[1] Unless otherwise indicated, the facts in this section, which are taken as true for purposes of screening, are from the complaint.

[2] As plaintiff notes in his complaint, the exact dates for Ramadan are contingent upon the sighting of the moon. The court takes judicial notice of sources estimating that Ramadan was expected to commence in the United States at sundown on Tuesday February 17, 2026, and to end at sundown on Wednesday March 18, 2026. *See* Muslim Hands USA, at https://muslimhandsusa.org/landing-pages/ramadan-2026/ramadan-timetables-2026 (last access Nov. 9, 2026) (including a Ramadan Timetable for US Cities); *cf.* Human Relief Foundation, at https://www.hrf.org.uk/media-centre/blog/when-is-ramadan-2026 (last accessed Nov. 9, 2026) (estimating that Ramadan would start in the UK Wednesday February 18, 2026, and conclude on Thursday March 19, 2026, depending on the moon).

Plaintiff's allegations do not otherwise state a viable claim under § 1983, which requires a plaintiff to show that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

The court construes plaintiff's complaint to implicate the Free Exercise Clause of the First Amendment, which provides that "Congress shall make no law . . . prohibiting the free exercise [of religion]," U.S. CONST., amend. I. "To state a claim that the Free Exercise Clause of the First Amendment has been violated, a plaintiff must plausibly allege that a government entity burdened a sincere religious practice pursuant to a policy that was not neutral or generally applicable." *Troogstad v. City of Chicago*, No. 25-1575, 2025 WL 3524720, at *2 (7th Cir. Dec. 9, 2025) (citing *Kennedy v. Bremerton Sch. Dist.*, 597 U.S. 507, 525 (2022)). Specifically, a plaintiff must set forth facts sufficient to allege that his "right to practice [his chosen religion] was burdened in a significant way." *Kaufman v. McCaughtry*, 419 F.3d 678, 683 (7th Cir. 2005). Here, plaintiff's bare allegations fail to state a claim under the First Amendment because he does not articulate any facts showing that the burden on his religious exercise was significant in any meaningful way. Accordingly, plaintiff may not proceed with a claim under the First Amendment Free Exercise Clause.

Plaintiff's allegations also arguably implicate the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1, which prohibits prisons receiving federal funds from imposing a substantial burden on an inmate's religious exercise unless prison officials can demonstrate that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of

furthering that compelling governmental interest. *Schlemm v. Wall*, 784 F.3d 362, 363 (7th Cir. 2015). However, the only relief available under RLUIPA is injunctive; it does not authorize monetary damages. *Sossamon v. Texas*, 563 U.S. 277, 287 (2011); *Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012). Plaintiff may not proceed with a claim under the RLUIPA because the record shows he is no longer confined at the Rock County Jail, which renders any claim for injunctive relief moot. *See McDaniel v. Syed*, 115 F.4th 805, 820 (7th Cir. 2024) (determining that release rendered moot a plaintiff's request for injunctive relief concerning treatment in prison). Absent a viable claim, the complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2)(b).

The Seventh Circuit has cautioned against dismissing a *pro se* plaintiff's case without giving the plaintiff a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). Accordingly, the court will dismiss the complaint but will give plaintiff 30 days to file an amended complaint against the defendants, if he wishes to do so. If plaintiff submits a proposed amended complaint by the deadline set forth below, the court will screen it under 28 U.S.C. § 1915(e)(2)(B).

## ORDER

IT IS ORDERED THAT:

1) The complaint filed by plaintiff Nathen Harden is DISMISSED for failure to state a claim.
2) Plaintiff has until December 10, 2026, to file an amended complaint on a court approved form. If plaintiff does not file an amended complaint by that date, this

case will be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim and plaintiff will incur a "strike" for purposes of 28 U.S.C. § 1915(g).

Entered this 10th day of November, 2026.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge